## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| ROBERTA LYNN HANEY<br>AND TERRY HANEY<br><br>    Plaintiffs,<br><br>V.<br><br><br>DOGWOOD CANYON FOUNDATION<br>**SERVE: Dogwood Canyon Foundation**<br>**Through their registered agent:**<br>**CT Corporation System**<br>**120 South Central Avenue**<br>**Clayton, Missouri 63105**<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO._____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION

COME NOW PLAINTIFFS, Roberta Lynn Haney and Terry Haney, through undersigned counsel, and for their causes of action against Dogwood Canyon Foundation, states and allege as follows:

### FACTS COMMON TO ALL COUNTS

1.    Plaintiffs, Roberta Lynn Haney (hereinafter "Lynn") and Terry Haney, (hereinafter "Terry") are citizens of the state of Louisiana, maintaining their residence in Baton Rouge, Louisiana.

2.    Defendant, Dogwood Canyon Foundation, (hereinafter "Dogwood Canyon") is a Missouri Corporation, with its principal office address being 2500 Kearney Street, Springfield, MO 65898-001. Counsel for Dogwood Canyon has agreed to accept service of process on behalf of the corporation.

3. This personal injury action arises out of an incident that occurred on or about October 3, 2016 while the Haney's were paying guests at Dogwood Canyon and venue is proper in Greene County pursuant to the terms and conditions set by Dogwood Canyon.

4. On or about October 3, 2016 Lynn and Terry, their daughter and several grandchildren paid for admission into the Dogwood Canyon. At said time and place, Lynn was a business guest who along with her family was interested in touring the grounds of the nature park.

5. After admission the Haney family went into the main facility to rent bikes to use to tour the park. After paying for the bike rental, the Haneys' were pointed to a large group of bicycles without any further instruction or guidance.

6. The Haney's noticed that the bikes were worn. Some of the bikes had seats tack welded, others had handle bars bent, carry baskets bent, chains loose, and rust. After looking at several bikes the Haneys' found bikes that appeared to be somewhat acceptable when compared with the other bikes.

7. As the Haneys' were traveling through the park, Lynn noticed that her bike did not break well and she had difficulty with slowing or stopping the bike in a controlled manner using the foot brake. By the time Lynn noticed that the issues were due to the bike versus the novelty using a bike with only a foot brake, the family was far enough along to prevent return of the bike.

8. As Lynn traveled through the park she came to a sign directing bike traffic to the right over a bridge. The slope to the bridge was a downward slope and at the end of the bridge was a sharp left turn with a rock wall at the end of the bridge and to the right side of the left turn.

9. Lynn attempted to slow and steer the bike as she approached the curve and rock wall but the bike would not slow or steer adequately resulting in Lynn's right foot and lower leg crashing into the rock wall.

10. As a result of the crash, Ms. Haney suffered a severely comminuted fracture of both her tibia and fibula resulting in what is referred to as a tibial pilon fracture.

11. After the crash there was a long delay in getting assistance and those who assisted had no medical or first aid training or equipment.

12. Rather than call emergency services that were 5 miles from the park employees of Dogwood Canyon called an emergency response team that was 30 miles away with such delay causing more pain and damage.

## COUNT I
## STRICT PRODUCTS LIABILITY

COMES NOW Roberta Lynn Haney and for Count of her claim alleges and states as follows:

13. Realleges and restates all of paragraphs 1-12 in their entirety

14. Defendant Dogwood Canyon provided bikes for a fee to the customers of the park as part of its usual and customary business.

15. The bike provided by Dogwood Canyon to Lynn was defective and therefore unreasonably dangerous when put to a use reasonably anticipated in that the bike had inadequate braking, steering and control for the conditions under which the bike would be used. The said defect and dangerous condition existed when the bike was supplied to Lynn for her use at the park and remained in the same condition up to and at the time of the crash.

16. At the time of the incident described in this Petition, the bicycle was:

    a. being used in a manner that was reasonably anticipated; and

    b. was in substantially the same condition as when rented and supplied by Dogwood Canyon to Lynn Haney.

17. More specifically, the bike that was supplied to Lynn was defective and unreasonably dangerous for one or more of the following reasons, either individually or in combination;

      a. The bike did not have an adequate braking system for the expected uses of the bike;

      b. The bike had no front brake, contrary to the original design of the bike;

      c. The bike lacked adequate safety devices by failing to provide front wheel brakes which would allow better control while braking and quicker braking;

      d. The bike was provided in a poorly maintained condition so that the braking system slipped and did not supply adequate braking power;

      e. The bike had inadequate warnings and instructions to advise of the above listed dangers; and

      f. The bike violated applicable American National Standards Institutions, Inc. ("ANSI") Standards.

18. As a direct and proximate result of the defective and unreasonably dangerous condition of the bike, Lynn suffered a severe traumatic, disabling injury to her right lower leg as described in paragraph 10 which has required multiple operations, screws, plates and other medical procedures such as skin grafts. As a result of these injuries, Lynn has suffered and will continue to suffer from pain, limitations of movement, and severe discomfort and disability. She has been rendered nervous by the crash and resulting injury, has suffered emotional upset and loss of enjoyment of life. She has suffered all of the above injuries, pain and suffering, and damages,

4

Case 6:22-cv-03130-DPR   Document 1-1   Filed 05/18/22   Page 4 of 8   Exhibit A - Page 4 of 8

since the date of the collision, and suffers from them at the present time, and will continue to suffer from them in the future for the remainder of her life; said injuries, pain and damages being permanent, disabling and progressive.

19. By reason of her injuries, Roberta Lynn Haney has paid or will become obligated to pay, and will in the future pay, or become obligated to pay, for obtaining and receiving medical care and treatment.

20. Prior to her injuries, Lynn was an able-bodied woman, capable of performing work and labor both at home and in the active labor market. As a direct and proximate result of her injuries, Lynn has, and in the future will, suffer lost wages, earnings, salaries, profits and a diminished capacity for work, labor and pleasure.

**WHEREFORE**, plaintiff prays for damages against defendant in a sum that will fairly and justly compensate her for the above-stated damages, for her costs expended herein, post-judgment interest, and for all other relief deemed just and proper.

**COUNT II**
**CONSORTIUM CLAIM BY TERRY HANEY (STRICT PRODUCTS LIABILITY)**

COMES NOW plaintiff Terry Haney (hereinafter referred to as "Terry") and for his cause of action in Count II of this petition, states and alleges as follows:

21. Terry Haney repeats and realleges the allegations contained in all preceding paragraphs 1-20 of this Petition and incorporates those by reference herein.

22. At all times mentioned herein, Terry was the lawful-wedded husband of Lynn Haney.

23. By reason of injuries to his wife, Terry has been and will in the future be deprived of her society, services, support, association, consortium and companionship and his enjoyment thereof has been and in the future will be lessened, impaired and diminished.

**WHEREFORE**, plaintiff Terry Haney prays judgment against defendant for fair and reasonable compensation for the damages and losses suffered as a result of defendant's conduct as set forth in County I which injured his wife, costs expended herein, pre-judgment and post-judgment interest, and for all other relief deemed just and proper.

## COUNT III
## NEGLIGENCE

COMES NOW Roberta Lynn Haney and for Count III of her Petition in negligence, alleges and asserts as follows:

24. Realleges and restates all of paragraphs 1 through 17, as previously set forth in this Petition.

25. As the owner of the property and renter of bicycles, Dogwood Canyon owed its customers a direct duty of due care. Dogwood Canyon violated these duties and was therefore negligent in the following way either individually, or in combination.

    a. Failing to maintain the bikes in safe condition for their expected usage;

    b. In removing the front brakes from the bicycles and supplying them to customers without front brakes;

    c. In supplying bicycles to customers without adequate braking capability;

    d. In suppling bicycles to customers without front brakes;

    e. In failing to warn customers that the bikes being supplied did not have adequate brakes;

    f. In failing to warn customers approaching the area where Ms. Haney's

wreck occurred about the sharp twist and turn and advising them of the need to slow and be prepared to enter a sharp turn;

g. In failing to have sufficient run off past the bridge make the left turn radius much sharper than is safe and much sharper than another turn from a bridge;

h. In failing to instruct customers as to the proper use of the braking system on the bikes given the fact that most customers would not be familiar with using foot brakes.

26. Realleges and restates all of paragraphs 18-20 as previously set forth in this petition.

**WHEREFORE**, plaintiff prays for damages against defendant in a sum that will fairly and justly compensate her for the above-stated damages, for her costs expended herein, post-judgment interest, and for all other relief deemed just and proper.

## COUNT IV
## CONSORTIUM AGAINST DOGWOOD CANYON FOUNDATION (NEGLIGENCE)

COMES NOW plaintiff Terry Haney and for his cause of action in Count III of this petition, states and alleges as follows:

27. Terry Haney repeats and realleges the allegations contained in paragraphs 1-20 and 25-26 of this Petition and incorporates those by reference herein.

28. At all times mentioned herein, Terry Haney was the lawful-wedded husband of Roberta Lynn Haney.

29. By reason of injuries to his wife, Terry Haney has been and will in the future be deprived of her society, services, support, association, consortium and companionship and his enjoyment thereof has been and in the future will be lessened, impaired and diminished.

WHEREFORE, plaintiff Terry Haney prays judgment against Dogwood Canyon Foundation for fair and reasonable compensation for the damages and losses suffered as a result of defendant's negligence which injured his wife, costs expended herein, pre-judgment and post-judgment interest, and for all other relief deemed just and proper.

## REQUEST FOR JURY TRIAL

COME NOW plaintiffs, by and through counsel, and hereby request a trial by jury on all of the issues raised herein above.

Respectfully submitted:

_____
Steve Garner – MO Bar #35899
STRONG-GARNER-BAUER, P.C.
415 E. Chestnut Expressway
Springfield, MO 65802
Phone 417-887-4300
Fax 417-887-4358
sgarner@stronglaw.com
***Attorneys for Plaintiffs***