IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ROBERTA HANEY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 22-03130-CV-S-DPR |
| DOGWOOD CANYON FOUNDATION, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiffs' Motion for Remand and Suggestions in Support. (Docs. 4-5.) In response, Defendant filed a Consent to Remand to State Court, stating it "consents to the case being remanded to state court in accordance with Plaintiffs' Motion For Remand … which is well taken." Upon review, the Motion for Remand is **GRANTED** in accordance with 28 U.S.C. § 1441(b)(2), the forum-defendant rule, and per Defendant's consent.

Next, the Court considers Plaintiffs' request for attorney fees and costs incurred to file the Motion. "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "In determining whether the removing party lacked an objectively reasonable basis for seeking removal, the district court does not consider the motive of the removing defendant." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F. 3d 479, 483 (8th Cir. 2015) (cleaned up). "Rather, the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand." *Id.* (citation omitted). Here, the plain language of § 1441 prohibits removal, and a simple review of the statute and case law would have so revealed. Accordingly, Plaintiffs' request for reasonable attorney fees is **GRANTED**.

It is therefore **ORDERED** that

(1) The Clerk of Court shall **REMAND** this case to the Circuit Court of Greene County, Missouri; and

(2) The parties shall meet and confer, within seven days of this Order, to determine a reasonable attorney fee. If an agreed amount cannot be reached, Plaintiffs shall submit a bill of costs and reasonable attorney fees, supported by affidavits, billing records, and the like by July 1, 2022; Defendant's response, if any, will be due July 8, 2022, and any reply due July 15, 2022.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: June 21, 2022